IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-174-D

| | |
|---|---|
| VALERIE K. HESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER and** |
| ) | **MEMORANDUM &** |
| STATE OF NORTH CAROLINA, OFFICE ) | **RECOMMENDATION** |
| OF DISABILITY ADJUDICATION AND ) | |
| REVIEW, NANCY A. BERRYHILL,[1] Acting ) | |
| Commissioner of Social Security, and ) | |
| JONATHAN BLAIR BISER, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the application [DE #3] by Plaintiff Valerie K. Hester to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable James C. Dever III, Chief United States District Judge. For the reasons set forth below, the court GRANTS Plaintiff's application to proceed in forma pauperis and RECOMMENDS that her complaint be dismissed as frivolous.

---

[1] Plaintiff's complaint names Carolyn W. Colvin as a defendant to this action. For the reasons explained below, the undersigned determines that Defendant Colvin is sued in her official capacity as Commissioner of Social Security. Nancy A. Berryhill is now the Acting Commissioner of Social Security and therefore is substituted as a defendant to this action. *See* Fed. R. Civ. P. 25(d).

## IFP MOTION

The standard for determining in forma pauperis status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed in forma pauperis is ALLOWED.

## DISCUSSION

I.  **Standard for Frivolity Review**

Notwithstanding the determination that Plaintiff is entitled to in forma pauperis status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013).

## II. Plaintiff's Claims

Plaintiff sues state and federal governmental defendants for a variety of claims alleged under 42 U.S.C. § 1983 for denial of her Fourteenth Amendment rights; the False Claims Act, 31 U.S.C. §§ 3729–3733; and various torts including negligence, fraud, and intentional infliction of emotional distress. Plaintiff also sues the attorney

that represented her in the judicial review of her Social Security disability benefits denial. Finally, Plaintiff requests criminal prosecution of defendants.

Plaintiff's core complaint is that the Social Security Administration has wrongfully denied her benefits under the Social Security Act. For the reasons explained below, the undersigned recommends that the matter be dismissed as frivolous.

A. Related Matters

Preliminarily, nearly all of Plaintiff's claims have been previously raised in lawsuits she has initiated in the United States District Court for the Middle District of North Carolina.[2] *Hester v. Colvin*, No. 1:14-CV-751-NCT-JLW (M.D.N.C.) (judicial review of the Social Security Administration's final decision to deny disability benefits); *Hester v. Colvin et al.*, No. 1:16-CV-410-NCT-JLW (M.D.N.C.) (various civil claims against state and federal defendants involved in disability benefits case); *Hester v. Biser*, No. 1:16-CV-911-NCT-JLW (M.D.N.C.) (action against former attorney in disability benefits case).[3]

United States Magistrate Judge Joe L. Webster addressed Plaintiff's civil claims for money damages against state and federal governmental defendants, and Plaintiff's accompanying request for criminal prosecution of defendants. *Hester v.*

---

[2] The propriety of venue in the Eastern District of North Carolina is not considered at this stage in the case as improper venue can be waived by a defendant under Fed. R. Civ. P. 12(h).

[3] Plaintiff has also submitted filings recently in case No. 1:14-CV-751-NCT-JLW (M.D.N.C.) that raise similar claims to those here.

4

*Colvin, et al.*, No. 1:16-CV-410-NCT-JLW, 2017 WL 375656, at *2–3 (M.D.N.C. Jan. 26, 2017), *recommendation adopted by* No. 1:16-CV-410-NCT-JLW, ECF No. 25 (M.D.N.C. April 5, 2017). Plaintiff's claims were dismissed as frivolous by Senior United States District Judge N. Carlton Tilley, Jr., primarily due to sovereign immunity and failure to state a claim on which relief could be granted. *Id.*

Judge Webster also analyzed Plaintiff's civil claims against her former attorney who represented her in the judicial review of the Social Security Administration's denial of disability benefits. *Hester v. Biser*, No. 1:16-CV-911-NCT-JLW, ECF No. 10 (M.D.N.C. Feb. 16, 2017), *recommendation adopted by* No. 1:16-CV-911-NCT-JLW, ECF No. 13 (April 14, 2017). These claims were dismissed by Judge Tilley for lack of subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant Biser are both citizens of North Carolina. *Id.*

The undersigned discerns only four differences alleged here in comparison to Plaintiff's previous filings in the Middle District of North Carolina: (1) a qui tam action under the False Claims Act alleging that defendants submitted false or fraudulent documents in the underlying Social Security disability benefits case (Compl. [DE #3-1] at 2); (2) a violation of the Fourteenth Amendment's guarantee of procedural due process pursuant to 42 U.S.C. § 1983 (Compl. at 4); (3) the specific request for criminal prosecution under 18 U.S.C. § 1035 (false statements in health

5

care matters) (Compl. at 2); and (4) an increase in the amount of monetary relief requested (Compl. at 1).[4]

### B. Analysis

The undersigned has reviewed the instant complaint and Judge Webster's previous analysis of Plaintiff's claims. That previous analysis is thorough and applicable to Plaintiff's identical claims embedded within the instant complaint. Therefore, the undersigned recommends adopting that analysis in full. Further analysis is explained below regarding Plaintiff's claims that were not previously considered by Judge Webster and Judge Tilley.

As a general matter, Plaintiff alleges that defendants have wrongfully denied her Social Security disability benefits, thereby violating federal constitutional and statutory law and committing various torts. The Supreme Court foreclosed this type of lawsuit in *Schweiker v. Chilicky*, 487 U.S. 412, 428 (1988) (no money damages "for hardships resulting from an allegedly unconstitutional denial of . . . Social Security benefits").

As to the qui tam action, all state and federal defendants are immune from money damages liability. *See Hester*, 2017 WL 375656, at *2. Under the False Claims Act, a "claim" is a request for money or property from the federal government. *See* 31 U.S.C. § 3729(b)(2)(A). Plaintiff has not alleged that Defendant Biser made any such request to the federal government. Therefore, any qui tam claim alleging Defendant

---

[4] The amount of money damages requested by Plaintiff is immaterial to the frivolity review conducted here.

Biser violated the False Claims Act should be dismissed as frivolous or for failure to state a claim.

As to the constitutional claims alleging denial of procedural due process rights under 42 U.S.C. § 1983, state and federal governmental defendants are immune from money damages liability.[5] *See Hester*, 2017 WL 375656, at *2. Private actors are not liable under § 1983 unless they have "a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). Defendant Biser is not alleged to have acted under color of state law. Moreover, Defendant Biser served as Plaintiff's counsel in the underlying Social Security disability benefits case, functioning as an adversary to the Social Security Administration. Indeed, while Defendant Biser withdrew from representation of Plaintiff before Judge Webster

---

[5] Plaintiff does not specify whether she sues Defendant Colvin in her official or individual capacity. While specifically alleging capacity is preferred, it is not required when suing a defendant under § 1983. *Biggs v. Meadows*, 66 F.3d 56, 60 & n.3 (4th Cir. 1995) (court must examine "the nature of plaintiff's claims, the relief sought, and the course of proceedings" to determine whether a defendant has been sued in her individual or official capacity when a plaintiff does not specifically allege capacity). When a court is called upon to determine the capacity in which a governmental defendant is sued, "the underlying inquiry [is] whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Id.* at 61. Here, Plaintiff's core complaint regarding Defendant Colvin is the denial of Social Security disability benefits. Plaintiff makes no specific allegations that Defendant Colvin improperly interfered in the adjudication of her disability benefits application. Therefore, the undersigned determines that Defendant Colvin has been sued in her official capacity as Acting Commissioner of Social Security during the time period when Plaintiff applied for benefits.

Relatedly, any potential *Bivens* claim is foreclosed by *Schweiker*, 487 U.S. at 424–26 (1988) (no money damages claims for wrongful denial of Social Security benefits).

issued his Recommendation and before Judge Tilley adopted that Recommendation (*see* Text Order Granting Mot. Withdraw, No. 1:14-CV-751-NCT-JLW (M.D.N.C. Feb. 1, 2016)), the court relied on Defendant Biser's briefing when it ruled in Plaintiff's favor, *see Hester v. Colvin*, No. 1:14-CV-751-NCT-JLW, 2016 WL 1364190, ECF No. 19 (M.D.N.C. Mar. 31, 2016), *recommendation adopted by* 2016 WL 5477614, ECF. No. 32 (Sept. 29, 2016) (reversing and remanding the Commissioner of Social Security's denial of benefits). This fatally undermines Plaintiff's allegation that Defendant Biser was acting under color of state law.[6]

As to Plaintiff's request for criminal prosecution, private citizens have no such right. *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (no right to criminal prosecution; *Smith v. McCarthy*, 349 F. App'x 851, 859 (4th Cir. 2009) (per curiam) (unpublished) (no private right to criminal investigation); *Hester*, 2017 WL 375656, at *3.

In sum, Plaintiff's claims are rendered frivolous by virtue of *Schweiker v. Chilicky*, 487 U.S. 412 (1988); immunity doctrines; lack of subject matter jurisdiction; and private actor status.

---

[6] It similarly undermines Plaintiff's allegation that Defendant Biser conspired with the governmental defendants to deprive her of life, liberty, or property. Plaintiff does not specifically assert a violation of 42 U.S.C. § 1985, although at various points she alleges that defendants conspired to violate her rights.

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed in forma pauperis is ALLOWED, and it is RECOMMENDED that Plaintiff's claims be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **October 2, 2017**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on

the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 13th day of September 2017.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge